United States District Court
Southern District of Texas
**ENTERED**
September 29, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID W. MEARIS, § | | |
| BOP #03809-078, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-25-1050 | |
| § | | |
| HARRIS COUNTY JAIL § | | |
| EMPLOYEES, et al., § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, David W. Mearis (BOP #03809-078), has filed an Amended Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Amended Complaint") (Docket Entry No. 24) alleging that he was sexually assaulted by another inmate at the Harris County Jail in January of 2021. Because Mearis is a prisoner proceeding in forma pauperis, the court is required to scrutinize the Amended Complaint and dismiss the case if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b)(1)(2). After considering the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Mearis is presently incarcerated by the United States Bureau of Prisons at United States Penitentiary Tucson.[1] Court records show that in 2019 Mearis was convicted in the Southern District of Texas of multiple counts of sex trafficking.[2] He is currently serving a life term of imprisonment.[3]

Court records show that in March of 2021 Mearis filed a lawsuit that included some of the same allegations concerning the sexual assault incident at the Harris County Jail in January of 2021.[4] The only defendant named in that lawsuit was the Harris County Sheriff's Department.[5] The case was dismissed without prejudice on May 14, 2021, after Mearis failed to provide the court with his current mailing address.[6]

Three-and-a-half years after Civil Action No. 4:21-cv-1041 was dismissed, Mearis was incarcerated at Terre Haute, Indiana, and

---

[1] See Amended Complaint, Docket Entry No. 24, p. 1. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing system.

[2] See United States v. David Wayne Mearis, Crim. No. 4:19-cr-00524-01 (S.D. Tex.), Verdict Form, Docket Entry No. 79 and Judgment in a Criminal Case, Docket Entry No. 119, pp. 1-2.

[3] See id., Judgment in a Criminal Case, Docket Entry No. 119, p. 3 and Minute Entry for 1/11/2021.

[4] See David Wayne Mearis v. Harris County Sheriff's Department, Civil Action No. 4:21-cv-1041 (S.D. Tex.), Complaint for Violation of Civil Rights, Docket Entry No. 1.

[5] See id.

[6] See id., Order of Dismissal, Docket Entry No. 7.

initiated the instant action on December 11, 2024, by filing a handwritten Complaint Form ("Original Complaint") with the United States District Court for the Southern District of Indiana.[7] On February 20, 2025, the case was transferred to the Southern District of Texas.[8] The case was received in the Southern District of Texas on March 6, 2025,[9] and was randomly assigned to the undersigned judge. On April 14, 2025, Mearis filed a motion to file an amended complaint.[10] The court granted the motion and instructed Mearis to file the amended complaint on a form that has been adopted by the Southern District of Texas for prisoners filing suit under 42 U.S.C. § 1983.[11] Mearis complied and the Amended Complaint is the live pleading in this case.[12]

Mearis alleges that "on/around January 2021 [he] arrived at the Harris County jail's medical holding area to wait to be seen by someone from the psychology depart[ment]."[13] While he was waiting,

---

[7]See Original Complaint (David Mearis v. Harris County of Texas, et al., Case No. 2:24cv601-MPB-MG (S.D. Indiana 2024)), Docket Entry No. 1, p. 3.

[8]See Order Transferring Case to Southern District of Texas - Houston Division dated Feb. 20, 2025, Docket Entry No. 13.

[9]See Docket Sheet for Southern District of Indiana, Docket Entry No. 15.

[10]Motion to Amend Civil Complaint, Docket Entry No. 21.

[11]See Order of June 18, 2025, Docket Entry No. 23.

[12]See Amended Complaint, Docket Entry No. 24.

[13]Id. at 7. Although it is no longer the operative pleading, Mearis alleged in the Original Complaint that the incident in question occurred around January 22, 2021. See Original Complaint, Docket Entry No. 1, p. 2.

Mearis had an "unpleasant exchange of words" with one of the correctional officers.[14] That officer left and then returned accompanied by additional correctional officers.[15] One of the officers said to Mearis, "'you are the one that sued officer Guillory.'"[16] Mearis was moved to an empty holding cell.[17] While in the new holding cell, Mearis was taken to the ground by the correctional officers, who cuffed his hands behind his back and shackled his legs.[18] Mearis remained in this position for hours and states that he was in extreme pain.[19]

Mearis alleges that at some point he was escorted to the jail's psychology department.[20] The handcuffs were removed from Mearis's hands and he complained of swollen and painful hands to the jail employee in the psychology department.[21] The psychology department employee prescribed multiple medications for Mearis.[22]

---

[14] Id.

[15] See id.

[16] Id.

[17] Id.

[18] Id.

[19] Id.

[20] See id.

[21] See id. Mearis does not identify by name or title the person who he interacted with at the "psychology department." The only identifying details he provides is that this person is a woman.

[22] Id. at 8.

While he was still shackled, Mearis was escorted back to the holding cell.[23] Mearis alleges that "after the medication took affect I passed out."[24] At one point officers at the jail tried to get him to stand up, but Mearis "had no bodily control and collapsed back to the ground."[25] Mearis alleges that later, officers allowed another inmate into the cell while Mearis was sleeping.[26] When Mearis woke up, the other inmate said to him "let me suck your dick."[27] Mearis told the other inmate "no" and to leave him alone.[28] Mearis then laid back down and "immediately fell back to sleep."[29] Mearis then alleges that at some later point he "awoke to the same inmate sucking my penis."[30] Mearis alleges that he was "very scared, nervous, and impaired by the medication."[31]

Filing suit under 42 U.S.C. § 1983, Mearis names the Harris County Sheriff's Department, "Harris County Jail employees yet to be named," and "Harris County Jail's Psychological Services

---

[23] Id.

[24] Id.

[25] Id.

[26] Id.

[27] Id.

[28] See id.

[29] Id.

[30] Id.

[31] Id.

Provider" as defendants.[32] He asserts negligence claims against all three defendants, retaliation and failure to protect claims against the Harris County Sheriff's Department and the "Harris County Jail employees yet to be named," and a medical malpractice claim against the "Harris County Jail's Psychological Services Provider.[33] Mearis claims that the complained-of events have caused him severe emotional and psychological distress.[34] He seeks $4.5 million in damages.[35]

## II. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires federal district courts to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by

---

[32] Id. at 3.

[33] Id. at 4.

[34] Id. at 8.

[35] Id. at 4.

the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted). In conducting this review the court is mindful that the plaintiff's pro se pleadings are subject to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam).

### III. Discussion

Civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001)

(citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); see also Redburn v. City of Victoria, 898 F.3d 486, 496 (5th Cir. 2018); Anderson v. Black, Civil Action No. 6:17cv672, 2018 WL 3453485, at *2 (E.D. Tex. June 26, 2018) ("There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period, but federal law determines the date the accrual commences.") (citing Owens v. Okure, 109 S. Ct. 573, 576 (1989)), report and recommendation adopted sub nom, Anderson v. Black, Civil Action No. 6:17cv672, 2018 WL 3438791 (E.D. Tex. July 16, 2018). A Texas prisoner has two years from the time that his claims accrue to file a civil rights complaint. See Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998). Federal law determines when a cause of action accrues under § 1983. See Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016). A claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" by actions attributable to the defendant. Piotrowski, 237 F.3d at 576 (internal quotation marks and citations omitted).

Mearis was aware of his claims no later than January of 2021, when the factual allegations contained in the Amended Complaint occurred.[36] The Original Complaint is dated December 11, 2024.[37]

---

[36] See Amended Complaint, Docket Entry No. 24, p. 7.

[37] The Original Complaint was received for filing and date stamped by the Clerk's Office in the United States District Court
(continued...)

Because the Original Complaint was filed outside the two-year statute of limitations period, the claims are untimely and will be dismissed as legally frivolous.[38] See Abston v. Federal Bureau of Prisons, 689 F. App'x 304, 304 (5th Cir. 2017) (per curiam) ("'[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous.") (quoting Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam)); see also Kelly v. Caudillo, No. 5:21-CV-175-BQ, 2022 WL 19228850, at *6 (N.D. Tex. Aug. 30, 2022) (dismissing a failure-to-protect claim as barred by the statute of

---

(...continued)
for the Southern District of Indiana on December 16, 2024. See Original Complaint, Docket Entry No. 1, p. 4. Mearis signed the Original Complaint on December 11, 2024. See id. at 3. A prisoner's pro se pleadings are considered filed under the prison mailbox rule on the date they are delivered to prison authorities for filing. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998). Using the date most favorable to the plaintiff, the court treats the day that he signed the Original Complaint, December 11, 2024, as the date it was filed.

[38]The fact that Mearis filed a lawsuit in 2021 containing the same or similar allegations, which was dismissed without prejudice, does not toll or extend the limitations period for the instant lawsuit. See, e.g., Gallipeau v. Ham, Civil Action No. 9:13-0505-TMC-BM, 2014 WL 2614924, at *8 (D.S.C. March 11, 2014) ("Plaintiff's previous lawsuit was dismissed without prejudice, and if a lawsuit is dismissed without prejudice, the statute of limitations is deemed to have continued to run from whenever the cause of action asserted in that case accrued, without interruption by the filing of that case.") (citing Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000), report and recommendation adopted, C/A No. 0:13-505-TMC, 2014 WL 2613178 (D.S.C. June 10, 2014), affirmed, 585 F. App'x 221 (4th Cir. 2014).

limitations when the claim accrued more than two years prior to the date the plaintiff submitted the complaint) (citation omitted), <u>report and recommendation adopted,</u> No. 5:21-CV-00175-H, 2023 WL 2604955 (N.D. Tex. March 22, 2023), <u>affirmed,</u> No. 23-10330, 2023 WL 5767578 (5th Cir. Sept. 6, 2023); <u>Hoffman v. Richardson</u>, Civil Action No. 2:18-CV-333, 2021 WL 5814059, at *8 (S.D. Tex. Aug. 11, 2021) (explaining that retaliation claims are subject to a two-year statute of limitations period), <u>report and recommendation adopted sub nom., Hoffman v. Muro,</u> Civil No. 2:18-CV-333, 2021 WL 5811725 (S.D. Tex. Dec. 6, 2021).[39]

## IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 filed by David W. Mearis is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as frivolous.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a

---

[39] In addition to being barred by the statute of limitations, claims for negligence or medical malpractice are not actionable under 42 U.S.C. § 1983. <u>See, e.g., Davidson v. Cannon,</u> 106 S. Ct. 668, 670 (1986) (stating that "lack of [due] care simply does not approach the sort of abusive government conduct" that rises to the level of a constitutional violation); <u>Neals v. Norwood,</u> 59 F.3d 530, 532 (5th Cir. 1995) (finding that allegations amounting to a claim of negligence were insufficient to raise a constitutional violation under 42 U.S.C. § 1983).

copy of this Memorandum Opinion and Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 29th day of September, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE